IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES E. CHANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-CV-385 |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Plaintiff James Chaney brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g), 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits under Title II of the Act. The parties have filed cross-motions for judgment, (Docs. 9, 11), and the administrative record has been certified to the Court for review.

**I.    PROCEDURAL HISTORY**

Mr. Chaney protectively filed his application for Disability Insurance Benefits on March 29, 2007, alleging a disability onset date of January 2, 2007. (Tr. at 15, 87-88, 103.)[2] His application was denied initially, (*id.* at 51, 53-56), and upon reconsideration. (*Id.* at 52, 60-62.)

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Doc. 6.)

Thereafter, Mr. Chaney requested a hearing de novo before an Administrative Law Judge ("ALJ"). (*Id.* at 63-67.) After a hearing, the ALJ determined that Mr. Chaney was not disabled within the meaning of the Act, (*id.* at 24), and, on August 5, 2009, the Appeals Council denied Mr. Chaney's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review. (*Id*. at 1-4.)

## II. LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). "[T]he scope of [the court's] review of [such an administrative] decision . . . is extremely limited." *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). "[A] reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quotation marks and internal alterations omitted). The issue before this Court "is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

"The Commissioner uses a five-step process to evaluate disability claims." *Hancock*, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The Commissioner asks whether the claimant "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Id.*

**III. THE ALJ'S DECISION**

The ALJ found at step one that Mr. Chaney had not engaged in "substantial gainful activity" since his alleged onset date. (Tr. at 17.) At step two, the ALJ determined that Mr. Chaney suffered from five severe impairments: mild to moderate arthritis of the left knee, early degenerative changes in the lumbar spine at L3-4 and L4-5, sleep apnea, fibromyalgia, and depression. (*Id.*) The ALJ found at step three that none of these impairments met or equaled a disability listing. (*Id.* at 18.) Accordingly, the ALJ assessed Mr. Chaney's RFC and determined that he could perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). (*Id.* at 19.) Although the ALJ found at step four of the analysis that Mr. Chaney could not return to his past relevant work, he found at step five that, given Mr. Chaney's age, education, work experience, and RFC, he could perform other jobs that exist in significant numbers in the national economy and therefore was not disabled. (*Id.* at 23-24.)

**IV. CONTENTIONS**

Mr. Chaney now argues that substantial evidence fails to support the ALJ's credibility finding. Specifically, Mr. Chaney contends that the ALJ mischaracterized both his ability to perform household chores and his reason for stopping work. (Doc. 10 at 3-5.)

**V. DISCUSSION**

In *Craig v. Chater*, the Fourth Circuit provides a two-part test for evaluating a claimant's statements about symptoms. "First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" 76 F.3d at 594 (citing 20 C.F.R. §§ 416.929(b) and 404.1529(b)) (internal alterations omitted). If the ALJ determines that such an impairment exists, the second

3

part of the test then requires him to consider all available evidence, including the plaintiff's statements about his pain, in order to determine whether the plaintiff is disabled. *Craig*, 76 F.3d at 595-96.

While the ALJ must consider the plaintiff's statements and other subjective evidence at step two, he need not credit them to the extent they conflict with the objective medical evidence or to the extent that the underlying impairment could not reasonably be expected to cause the symptoms alleged. *Id.* at 596. Relevant evidence for this inquiry includes the plaintiff's "medical history, medical signs, and laboratory findings," *id.* at 595, as well as the following factors set out in the regulations:

> (i) [The plaintiff's] daily activities;
>
> (ii) The location, duration, frequency, and intensity of [the plaintiff's] pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication [the plaintiff] take[s] or [has] taken to alleviate [his] pain or other symptoms;
>
> (v) Treatment, other than medication, [the plaintiff] receive[s] or [has] received for relief of [his] pain or other symptoms;
>
> (vi) Any measures [the plaintiff] use[s] or [has] used to relieve [his] pain or other symptoms (e.g., lying flat on [his] back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning [the plaintiff's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

In the present case, the ALJ determined that while Mr. Chaney's documented arthritis, spinal degeneration, fibromyalgia, and sleep apnea could be expected to cause the pain and sleepiness he alleged, Mr. Chaney's "statements concerning the intensity, persistence and

limiting effects of these symptoms" were not fully credible. (Tr. at 20.) In challenging this finding, Mr. Chaney argues that the ALJ's "rationale is flawed and is not grounded in the evidence" because it mischaracterizes both his ability to perform household chores and his reason for stopping work. (Doc. 10 at 4-5.) Mr. Chaney supports his contention with the following short excerpt from the ALJ's decision:

> The record contains some inconsistencies that cast doubt on the claimant's credibility. For example, the claimant testified that he stopped working because the company he worked for went bankrupt. Thus, he did not stop working because of his medical condition. The claimant has no significant limitations with taking care of his own personal needs, household chores, or shopping. He reported that he enjoys Sunday school and walking.

(*Id.* at 4 (quoting Tr. at 22).)

If the ALJ's reasons for his negative credibility finding were limited to the brief passage cited by Mr. Chaney, his arguments might prevail. However, even a cursory look at the decision instead reveals over three single-spaced pages in which the ALJ discusses both Plaintiff's testimony and the medical evidence of his impairments in great detail. (Tr. at 20-23.) The ALJ's discussion includes conclusions based on the record that his arthritis was mild, that he had not seen specialists, and that most of his problems were well-managed. For example, the ALJ noted that Mr. Chaney received "essentially routine and/or conservative" treatment by his primary care physician throughout the time period in question. (*Id.* at 22.) Similarly, the ALJ noted that after a polysomnogram revealed mild obstructive sleep apnea, Mr. Chaney obtained a CPAP machine. (*Id.* at 21; *see also id.* at 204, 350.) Later records indicate that Mr. Chaney required no further intervention and ceased to include sleep apnea as a problem after the CPAP treatment began. (*Id.* at 21; *see, e.g.*, *id.* at 244, 249, 348.) Similarly, while Mr. Chaney testified that his pain medications continue to cause significant sleepiness, (*id.* at 39-40), he never reported any medication side effects to his physicians.

Overall, the relatively benign objective findings chronicled by the ALJ along with Mr. Chaney's contemporaneous statements and complaints undermine his allegations of disabling pain and sleepiness. Moreover, the State agency physicians, whose opinions Mr. Chaney does not challenge, found him capable of the full range of medium work. Thus, it is clear that the ALJ based his credibility finding on not only his partial disbelief of Mr. Chaney's testimony, but on his consideration of the record as a whole, as required by *Craig* as well as 20 C.F.R. §§ 404.1529(c) and 416.929(c). Accordingly, the Court finds no error.

As a final matter, Mr. Chaney notes that, after receiving his unfavorable decision in this case, he filed a second, successful claim for Disability Insurance Benefits with an onset date of August 6, 2009. He now argues, relying on *Albright v. Comm'r of Social Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999), that "[t]his evidence justifies remanding the case for further consideration." (Doc. 10 at 5.) In *Albright*, the Fourth Circuit held that the Commissioner, relying on a now-rescinded administrative ruling, erred in denying a disability claim "solely on the basis of a prior adverse adjudication involving an earlier time period." 174 F.3d at 474.

*Albright* does not hold that a subsequent finding of disability for one time period requires that an initial adverse ruling for an earlier time period be reversed. *See generally* Acquiescence Ruling 00-1(4) ("AR 00-1(4)"), 2000 WL 43774, (discussing how to seek consistency between prior and subsequent disability claims). Mr. Chaney's later, successful claim is based on the ALJ's finding of three severe impairments which are completely absent from the claim at issue here —bilateral carpal tunnel syndrome, gout, and mood disorder—and a clearly worsened impairment of diabetes mellitus. (*Compare* Tr. at 17 *with* Doc. 10-1 at 9.) The later decision discusses extensive medical evidence from 2009 to 2011 and particularly notes that Mr. Chaney's carpal tunnel syndrome, which required two surgeries in 2011, did not develop until

after the Commissioner issued her decision in the case at hand.  (Doc. 10-1 at 10-12.)  In light of these findings, the success of Mr. Chaney's subsequent application does not constitute evidence that his present claim was wrongly decided.

It is therefore **ORDERED** that the Commissioner's decision finding no disability is **AFFIRMED**, that Plaintiff's Motion for Summary Judgment, (Doc. 9), is **DENIED**, that Defendant's Motion for Judgment on the Pleadings, (Doc. 11), is **GRANTED**.  This action is **DISMISSED** with prejudice.

This the 28th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE